Affirmed and Memorandum Opinion filed March 10, 2005









Affirmed and Memorandum Opinion filed March 10, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00650-CR

____________

 

VIRGINIA
ESTELL JONES, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

________________________________________________________________

 

On Appeal from the 12th District Court

Walker County, Texas

Trial Court Cause No. 19,968

________________________________________________________________

 

M E M O R A N D U M   O P I N I O N








Appellant Virginia Estell Jones
challenges her conviction for introducing implements of escape into a
correctional facility.  She asserts ten
issues on appeal, alleging: (1)B(2) the
evidence is legally and factually insufficient to support her conviction; (3)
the trial court erred when it denied her motion to suppress custodial
statements; (4) the jury charge failed to require a unanimous verdict; (5) the
trial court erred in admitting evidence of other crimes, wrongs, or acts in
violation of Texas Rules of Evidence 403 and 404(b); (6) the jury charge and
statements made by the State misled the jury as to the meaning of Areasonable
doubt;@ (7) the
jury engaged in misconduct by deliberating before the close of the evidence and
the reading of the jury charge; (8) her trial counsel rendered ineffective
assistance; (9) the trial court defined the offense improperly and improperly
enhanced punishment; and (10) the trial court committed constitutional error by
failing to properly instruct the jury on the law of parole.  We affirm.

I.  Factual and Procedural Background

Appellant and Mark Stallings, an inmate in the Holliday Unit
of the Institutional Division of the Texas Department of Criminal Justice in
Huntsville, Texas, shared a romantic relationship.  Appellant regularly visited Stallings in
prison, and they corresponded regularly by mail.  In this correspondence, appellant and
Stallings, using code words, discussed appellant acquiring a gun.  On or about August 2, 1998, appellant
allegedly supplied Stallings with a gun. 
Five days later, Stallings used the gun to threaten and to hold a prison
guard hostage in an attempt to escape. 
Prior to trial, Stallings signed a written confession in which he stated
that appellant brought the gun to him in prison during a contact visit on August
2, 1998, and another inmate, Jerry Dale Stanley, helped him smuggle it past the
guards in the visitation room.

At trial, the State asserted that appellant gave the gun to
Stallings during the August 2, 1998 contact visit, although no one saw
appellant deliver the gun to Stallings. 
At that time, prison visitors were not patted down, searched for
contraband, or required to pass through metal detectors.  Stanley and another inmate, Joseph Kellerman,
testified that Stallings=s escape plan included appellant smuggling a gun into the
prison and giving it to him during visitation. 
Stanley testified that when he and Stallings left the visitation room on
August 2, Stallings handed him a heavy item, wrapped in cloth, and asked him to
hold it.  The item was successfully
smuggled past the guards supervising the visitation.  

Stanley gave a second version of events.  In contrast to the account given in his first
written confession, in a second written confession and at trial, Stallings
testified that he received the gun from a corrupt corrections officer.








Appellant testified that she acquired the gun for her own
protection.  She also testified that she
did not give Stallings the gun during visitation, but that she gave the gun to
a man sent by Stallings to pick it up from her at her home.  Felix Garza, appellant=s ex-boyfriend, testified that he
bought the gun for appellant.  Although
the gun used by Stallings had the serial number filed off, a firearms expert was
able to restore the serial number.  The
custodian of records for the pawn shop where Garza purchased the gun testified
that Garza purchased a gun with the same serial number as the gun used by
Stallings.  Prison records indicate that
Stallings had no visitors other than appellant between the date the gun was
purchased and the date of Stallings=s attempted escape.

Appellant was charged by
indictment with introducing implements of escape into a correctional
facility.  Appellant pleaded Anot
guilty.@  A jury found appellant guilty and assessed
punishment at ten years in the Texas Department of Criminal Justice,
Institutional Division and a $10,000 fine.

II.  Analysis and Discussion

A.        Is the evidence legally and factually sufficient to support
appellant=s conviction?

A person commits a felony if the
person, with the intent to facilitate escape, introduces into a correctional
facility, or provides an inmate with, a deadly weapon or anything that may be
useful for escape.  Tex. Pen. Code Ann. ' 38.09(a)
(Vernon 2003).  A person is criminally
responsible for an offense committed by another if that person, acting with
intent to promote or assist the commission of the offense, solicited,
encouraged, directed, aided, or attempted to aid the other person to commit the
offense.  Tex. Pen. Code Ann. '
7.02(a)(2) (Vernon 2003).  The jury
charge authorized the jury to convict appellant as a principal or as a party
and instructed the jury on the law of parties and the need to corroborate
accomplice testimony.  In appellant=s first
and second issues, she asserts that the evidence is legally and factually
insufficient to support her conviction because there is no evidence to show
that appellant (1) delivered the gun to Stallings; (2) introduced the gun into
the prison unit; or (3) had the specific intent to facilitate Stallings=s escape
from prison.








In evaluating a legal-sufficiency
challenge, we view the evidence in the light most favorable to the
verdict.  Wesbrook v. State, 29
S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The issue on appeal is not whether we, as a court, believe the State=s evidence
or believe that appellant=s
evidence outweighs the State=s
evidence.  Wicker v. State, 667
S.W.2d 137, 143 (Tex. Crim. App. 1984). 
The verdict may not be overturned unless it is irrational or unsupported
by proof beyond a reasonable doubt.  Matson
v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  The jury, as the trier of fact, Ais the
sole judge of the credibility of the witnesses and of the strength of the
evidence.@  Fuentes v. State, 991 S.W.2d 267, 271
(Tex. Crim. App. 1999).  The jury may
choose to believe or disbelieve any portion of the witnesses= testimony.
 Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).  When faced
with conflicting evidence, we presume the trier of fact resolved conflicts in
favor of the prevailing party.  Turro
v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt,
we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997).








Appellant asserts that the
non-accomplice evidence is legally insufficient to support her conviction.  Appellant argues that the State established
only that appellant had an opportunity to commit the crime and failed to
present evidence sufficient to establish all the elements of the offense beyond
a reasonable doubt.  A conviction cannot
be based upon the testimony of an accomplice unless that testimony is
corroborated by other evidence tending to connect the defendant with the
offense committed.  Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 1979).  The corroboration is
insufficient if it merely shows the commission of the offense.  Id. 
To corroborate accomplice-witness testimony, the law requires some
non-accomplice evidence that tends to connect the accused to the commission of
the offense.  See Hernandez v. State,
939 S.W.2d 173, 178B79 (Tex.
Crim. App. 1997).  In determining the
sufficiency of the corroboration, we eliminate the testimony of the accomplice
and ask whether other inculpatory evidence tends to connect the accused to the
commission of the offense, even if it does not directly link the accused to the
crime.  See McDuff, 939 S.W.2d at
612.  We consider each case on its own
facts and circumstances and look to all facts as furnishing the
corroboration.  See Munoz v. State,
853 S.W.2d 558, 559 (Tex. Crim. App. 1993). 
The corroborative evidence may be circumstantial or direct, and it need
not establish the accused=s guilt
of the charged offense or directly link the accused to the offense; it is
sufficient if it tends to connect the defendant to the offense.  Id. 
We must review the corroborating evidence in the light most favorable to
the verdict.  Knox v. State, 934
S.W.2d 678, 686B87 (Tex.
Crim. App. 1996).

In this case, Stallings and
Stanley were accomplice witnesses. 
Therefore, we must apply the standard discussed above to determine
whether there is evidence other than their testimony that tends to connect
appellant to the offense.  Kellerman, a
fellow inmate of Stallings and Stanley, testified that Stallings=s escape
plan included appellant smuggling a gun into the prison and giving it to
Stallings during visitation.  We conclude
that this evidence sufficiently tends to connect appellant with the offense
alleged.  Therefore, the testimony of
Stallings and Stanley is sufficiently corroborated and the jury was free to
consider their testimony.








A fact finder determines intent
from all the facts and infers intent from the conduct and circumstances
surrounding those facts.  See Williams
v. State, 688 S.W.2d 486, 488 (Tex. Crim. App. 1985); Murchison v. State,
93 S.W.3d 239, 254 (Tex. App.CHouston
[14th Dist.] 2002, pet. ref=d).  Stallings=s first
written confession, which he recanted at trial, stated appellant gave the gun
to him during a contact visit and he used that gun in an escape attempt several
days later.  The jury heard testimony from two of
Stalling=s fellow inmates that his escape plan
included appellant smuggling a gun into prison and giving it to him during
visitation.  The jury was also presented
with details about the hostage situation and Stallings=s attempted escape.  From these facts and circumstances, a
rational trier of fact could infer appellant, acting with the intent to
facilitate Stallings=s escape, either introduced a gun into the correctional
facility or provided Stallings with a gun. 
Viewing the evidence in a light most favorable to the verdict, the
evidence is legally sufficient to support appellant=s
conviction as a principal or as a party. 
Accordingly, we
overrule appellant=s first issue.

When evaluating a challenge to
the factual sufficiency of the evidence, we view all the evidence in a neutral
light and inquire whether the jury was rationally justified in finding guilt beyond
a reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
A reviewing court may find the evidence factually insufficient in two
ways.  Id.  First, when considered by itself, the
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt.  Id.  Second, after weighing the evidence
supporting the verdict and the evidence contrary to the verdict, the contrary
evidence may be strong enough that the beyond-a-reasonable-doubt standard could
not have been met.  Id. at 484B85.  In conducting the factual-sufficiency review,
we must employ appropriate deference so that we do not substitute our judgment
for that of the fact finder.  Id.
at 481B82.  Our evaluation should not intrude upon the
fact finder=s role as the sole judge of the
weight and credibility given to any witness=s
testimony.  Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). 
In conducting a factual-sufficiency review, we must discuss the evidence
appellant claims is most important in allegedly undermining the jury=s
verdict.  Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003).








Appellant argues that the
evidence that she committed the offense amounts to no more than mere
suspicion.  Appellant points to evidence
provided by Kervin Devereau, a prison guard assigned to monitor visitation on
August 2, 1998, and to the absence of a credible explanation of how appellant
provided Stallings with the gun during a contact visit or otherwise introduced
the gun into the prison as the most important evidence undermining the jury=s
verdict.  Deverau testified at trial that
he searched Stallings=s person
and clothing after the August 2 contact visit and did not find any
contraband.  The jury was presented with
evidence and testimony concerning two possible ways appellant could have
furnished the gun to Stallings.  The jury
was also presented with evidence that at that time, prison visitors were not
patted down, searched for contraband, or required to pass through metal
detectors.  The jury was also presented
with Stallings=s first written confession and
Stanley=s
testimony, both of which stated that appellant gave Stallings a gun, which
Stallings used in an escape attempt.

After reviewing all the evidence
in a neutral light, we find (1) the evidence supporting the verdict is strong
enough to support the finding of guilt beyond a reasonable doubt and (2) that
the contrary evidence is not strong enough to prevent the
beyond-a-reasonable-doubt standard from being met.  Therefore, we conclude the jury was
rationally justified in finding appellant guilty beyond a reasonable
doubt.  Accordingly, we overrule
appellant=s second issue.

B.        Did the trial court err
when it denied appellant=s motion to suppress her custodial statements?

In her third issue, appellant
asserts that the trial court erred in denying her pretrial motion to suppress
statements she made while in police custody. 
Appellant asserts her custodial statements were inadmissible because her
arrest was illegal.  In her motion to
suppress, appellant argued her arrest was illegal because (1) the justice of
the peace allegedly signed the arrest warrant based on an unsworn complaint
after appellant was arrested, and (2) the complaint is legally insufficient to
sustain an arrest warrant.  The trial
court denied the motion to suppress and did not file findings of fact.








We review the trial court=s ruling
on a motion to suppress evidence under an abuse of discretion standard.  Long v. State, 823 S.W.2d 259, 277
(Tex. Crim. App. 1991).  A trial court=s ruling
on a motion to suppress, if supported by the record, will not be
overturned.  Brooks v. State, 76
S.W.3d 426, 430 (Tex. App.CHouston
[14th Dist.] 2002, no pet.).  At a
suppression hearing, the trial judge is the sole finder of fact and is free to
believe or disbelieve any or all of the evidence presented.  Id. 
We give almost total deference to the trial court=s
determination of historical facts that depend on credibility and demeanor, but
review de novo the trial court=s
application of the law to the facts if resolution of those ultimate questions
does not turn on the evaluation of credibility and demeanor.  See Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  When the trial
court fails to file findings of fact, we view the evidence in the light most
favorable to the trial court=s ruling
and assume that the trial court made implicit findings of fact that support its
ruling as long as those findings of fact are supported by the record.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000).  If the trial
judge=s
decision is correct on any theory of law applicable to the case, the decision
will be sustained.  Id. at 855B56.

A complaint is an affidavit made
before a magistrate that charges the commission of an offense.  Tex.
Code Crim. Proc. Ann. art. 15.04 (Vernon 1977).  An affidavit must provide the magistrate with
sufficient factual information to support an independent judgment that probable
cause exists to believe that the accused has committed an offense.  McFarland v. State, 928 S.W.2d 482,
509 (Tex. Crim. App. 1996).  In
determining the sufficiency of an affidavit to support the issuance of a warrant,
we limit our review to the four corners of the affidavit.  See Hankins v. State, 132 S.W.3d 380,
388 (Tex. Crim. App. 2004).  We interpret
the affidavit in a common sense, realistic manner, recognizing that the
magistrate was permitted to draw reasonable inferences.  Id. 
A presumption is indulged in favor of the proceedings in a lower court
unless the record presents affirmative evidence to the contrary.  Garza v. State, 896 S.W.2d 192, 197
(Tex. Crim. App. 1995).

Appellant claims her arrest was illegal
because the justice of the peace signed the warrant based on an unsworn
complaint after appellant was arrested. 
At the pre-trial motion-to-suppress hearing, two complaints were offered
into evidence.  The first, dated August
8, 1998, was signed by the affiant, Robert Pittmon, a Texas Department of
Criminal Justice investigator.  It lacks
a magistrate=s signature.  The second complaint, dated August 9, 1998,
was signed by both Pittmon and Justice of the Peace Amy Bradley.  Pittmon testified at the hearing that he
signed the first complaint, realized he had not signed it in front of a
magistrate, printed a second copy, and signed the second one in Bradley=s
presence.  Bradley issued an arrest
warrant on August 9, 1998, based on that complaint.  There is no time indicated on the complaint
or the warrant.  The return of service
shows that Pittmon received the warrant at 10:30 a.m. nd executed it at 1:15
p.m.








The trial judge did not file
findings of fact, but we assume that the trial judge, in overruling appellant=s motion
to suppress, found that the warrant was signed before appellant was arrested
and was based on a properly sworn complaint. 
See Ross, 32 S.W.3d at 855. 
These implicit findings are supported by the record.  The State offered a properly sworn complaint,
and Pittmon testified that he signed it in Bradley=s
presence.  Inasmuch as the arrest warrant
was issued pursuant to that complaint, it is a reasonable conclusion that the
complaint was a pre-existing document. 
Because the trial judge is free to believe any or all evidence presented
and to make a determination of historical facts supported by the record after
evaluating the credibility and demeanor of Pittmon, the trial judge=s
decision should be given deference.  See
Guzman, 955 S.W.2d at 89.  Therefore,
we find that the trial court was acting within its discretion when it impliedly
found that the arrest warrant was signed before appellant was arrested and that
the warrant was based on a properly sworn complaint.

Appellant also claims that the
complaint was inadequate to permit the justice of the peace to issue a valid
arrest warrant because the complaint was based on unreliable information from
an accomplice and was conclusory. 
Therefore, appellant argues, there was no probable cause to support the
arrest warrant.  A complaint is sufficient
to establish probable cause, if from the totality of the circumstances
reflected in the complaint, a magistrate was provided with a substantial basis
for concluding that probable cause existed. 
See Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332,
76 L. Ed.2d 527 (1983).








The complaint in this case
recites that the informant, Stallings, admitted that appellant visited him in
prison and provided him a gun with the intent to facilitate his escape.  The complaint also stated that Stallings used
that gun to hold a prison guard hostage in an attempt to escape.  An admission against penal interest is a
factor indicating reliability.  See
U.S. v. Harris, 403 U.S. 573, 583, 91 S. Ct. 2075, 2082, 29 L. Ed.2d 723
(1971); Castillo v. State, 818 S.W.2d 803, 806 n.6 (Tex. Crim. App.
1991).  From the totality of the
circumstances reflected in the complaint, a neutral and detached magistrate
would be justified in concluding that probable cause existed and in issuing an
arrest warrant.  See Gates, 462
U.S. at 238, 103 S. Ct. at 2332. 
Indulging the presumption in favor of the proceedings in the lower court
and finding no affirmative evidence in the record to the contrary, we overrule
appellant=s third issue.  See Garza, 896 S.W.2d at 197.

C.        Did the jury charge fail to require a unanimous verdict to
convict appellant?

In her fourth issue, appellant
argues that the jury instructions failed to require a unanimous verdict in
violation of her rights under the Fifth, Sixth, and Fourteenth Amendments of
the United States Constitution; Article I, Sections 10 and 19 of the Texas
Constitution; articles 36.14 and 38.03 of the Texas Code of Criminal Procedure;
and section 2.01 of the Texas Penal Code. 
The jury charge allowed the jury to find appellant guilty of the alleged
offense as a principal or under the law of parties.  The charge also permitted the jury to find
appellant guilty if she provided the gun to Stallings or if she introduced the
gun into the prison.  Appellant did not
object at trial and alleges on appeal that the charge violated the unanimity requirement
because the jury was not required to unanimously agree (1) whether principal or
party liability would be the basis for the verdict, or (2) as to which method
appellant utilized to commit the offense. 








When defense counsel does not
object to a jury charge, error, if any, does not require reversal unless it was
so egregious and created such harm that appellant was denied a fair trial.  Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1984).  The jury charge
in this case was not erroneous.  Even
though the indictment in this case alleged the differing methods of committing
the offense in the conjunctive, it is permissible to charge the jury in the
disjunctive.  Kitchens v. State,
823 S.W.2d 256, 258 (Tex. Crim. App. 1991). 
When alternative theories of committing the same offense are
submitted to the jury in the disjunctive, it is appropriate for the jury to
return a general verdict if the evidence is sufficient to support a finding
under any of the theories submitted.  Id.  As discussed earlier, the evidence is legally
and factually sufficient to support a conviction under any of the theories
submitted to the jury.  The unanimity
requirement is not violated by instructing the jury on alternative theories of
committing the same offense.  Martinez
v. State, 129 S.W.3d 101, 103 (Tex. Crim. App. 2004).  Accordingly, we overrule appellant=s fourth issue.

D.        Did
the trial court err in admitting testimony and evidence concerning details of
the hostage situation in violation of Texas Rules of Evidence 403 and 404(b)?

 

In her fifth issue, appellant argues that the trial court erred in
admitting details of the hostage situation, specifically the prison guards= testimony concerning the hostage crisis and a videotape of
the hostage scene in prison.  Appellant
objected to the introduction of this evidence under Texas Rules of Evidence 403
and 404(b) and argued that such evidence was repetitive, more prejudicial than
probative, irrelevant, and that it inflamed the jury.  The State urges that it was necessary to
introduce some details of the attempted escape in order to prove that appellant
intended to facilitate Stallings=s escape when she introduced the gun into a correctional facility
or provided Stallings with the gun.[1]

All relevant evidence
is admissible unless otherwise excepted by the Constitution, statute, or other
rules.  Tex.
R. Evid. 402.  ARelevant evidence@ is defined as
evidence having Aany tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable
than it would be without the evidence.@  Tex. R. Evid. 401. 
Relevant evidence may not be admissible if, among other things, its
probative value is substantially outweighed by the danger of unfair prejudice
or it is a needless presentation of cumulative evidence.  Tex.
R. Evid. 403.








We review a trial
court’s ruling on the admissibility of extraneous-offense evidence under an
abuse-of-discretion standard.  Page v.
State, 137 S.W.3d 75, 78 (Tex. Crim. App. 2004).  We will reverse only if the trial court=s decision falls
outside the zone of reasonable disagreement. 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)
(op. on reh=g).  In order for evidence
of crimes or acts to be admissible under Rule 404(b), it must be relevant for a
purpose other than to show the character of a person and that he acted in
conformity with it.  See Tex. R. Evid. 404(b).  Rule 404 applies not only to other crimes,
wrongs, or acts of the accused, but also to those of third persons.  See Castaldo v. State, 78 S.W.3d 345,
348B51 (Tex. Crim. App.
2002).

Here, the prison
guards= testimony and
videotape of the melee are relevant to show appellant=s intent to help
Stallings escape and are admissible under Rule 404(b) for that purpose.  See Tex.
R. Evid. 404(b).  There was a
dearth of other evidence to connect the introduction of the gun with appellant=s intent to help
Stallings escape.  Details of the fracas
involving the gun were essential to establishing appellant=s intent.  Weighing the probative value of this evidence
against its prejudicial effect, we find that the trial court did not abuse its
discretion in ruling the evidence was admissible.  See Tex.
R. Evid. 403.  Accordingly, we
overrule appellant=s fifth issue.

E.        Did they jury
charge and statements made by the State mislead the jury as to the meaning of Areasonable
doubt?@








In her sixth issue,
appellant argues that the jury charge and statements made by the State mislead
the jury as to the meaning of Areasonable doubt@ in violation of the Due Process Clause of the Fifth and
Fourteenth Amendments of the United States Constitution; Article I, Sections 10
and 19 of the Texas Constitution; articles 36.14 and 38.03 of the Texas Code of
Criminal Procedure; and section 2.01 of the Texas Penal Code.  The trial court charged the jury on the
meaning of Areasonable doubt@ as follows, AIt is not required that the prosecution prove guilt beyond all
possible doubt; however, it is required that the prosecution=s proof exclude all
reasonable doubt concerning the defendant=s guilt.@  In its closing argument,
the State argued to the jury: A[T]o prove something to someone beyond a reasonable doubt does not
mean I have to prove it to you beyond all doubt.  I mean, it probably would be almost
impossible for me to prove a crime beyond all doubt . . . .  I have to prove it to you beyond a reasonable
doubt, a doubt that=s based on reason and common sense.@  At trial, appellant did
not object to the State=s closing argument or to the jury charge.  On appeal, appellant argues that the jury
charge was improper and that it, along with the prosecutor=s comments, invited
the jury to minimize the State=s burden and shift the burden of proof and persuasion to the
defendant. 

When defense counsel
does not object to a jury charge, the error, if any, does not require reversal
unless it was so egregious and created such harm that appellant was denied a
fair trial.  Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984). 
It was not error for the trial court to give the Areasonable doubt@ instruction to the
jury.  Even in the absence of an agreement
to an instruction as to the meaning of Areasonable doubt,@ a jury instruction that states the prosecution is not required to
prove guilt beyond all possible doubt does not constitute reversible
error.  See Jackson v. State, 105
S.W.3d 321, 325 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).

In order to complain
of improper jury argument on appeal, there must have been an objection at
trial.  See Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996). 
Appellant failed to object to the State=s jury argument, and thus failed to preserve error.  See id.

Because the jury
instruction does not constitute reversible error and appellant failed to
preserve error with respect to the State=s closing argument, we overrule appellant=s sixth issue.

F.        Did the jury engage
in misconduct by deliberating before the close of the evidence and the reading
of the jury charge?








In her seventh issue,
appellant alleges that the jury engaged in misconduct because it began
deliberations before the close of the evidence and the reading of the jury
charge.  The jury returned a guilty
verdict after deliberating for four minutes. 
Appellant argues that but for this alleged misconduct, the jury could
not have reached a verdict so quickly in a case that consisted of a five-day
trial and  involved more than a hundred
exhibits and over thirty witnesses.  At
the motion-for-new-trial hearing, the jury foreman testified that the jury did
not read the charge or examine the evidence. 
The jurors voted twice, unanimously finding appellant guilty each
time.  Appellant points to these facts as
evidence that the jury began deliberating before the close of the evidence and
the reading of the jury charge.

Appellant has waived
error as to this issue by failing to adequately brief it on appeal.  To present an issue for appellate review Athe brief must
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.@  Tex. R. App. P. 38.1(h).  Appellant has not
presented a single argument or citation in support of her seventh issue.  She has not addressed any of the governing
legal principles or applied them to the facts of this case.  See King v. State, 17 S.W.3d 7, 23 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  Appellant=s brief merely
contains a sentence that says the jury engaged in misconduct by deliberating
before the close of the evidence and reading of the charge to the jury.  Conclusory statements which cite no authority
present nothing for appellate review.  Id.;
see also Vuong v. State, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992).  We find that appellant has waived any error
as to this issue, and accordingly, we overrule appellant=s seventh issue. 

G.        Was
appellant=s trial counsel ineffective because of
his failure to inquire about juror bias during voir dire?

 

In her eighth issue,
appellant alleges her trial counsel was ineffective because he (1) failed to
question prospective jurors about any potential bias they might have had
towards appellant and (2) failed to challenge biased jurors for cause as
allowed by article 35.16(a)(10) of the Texas Code of Criminal Procedure.  Voir dire revealed that many of the
prospective jurors or their spouses worked for the prison system and that a
large number of prospective jurors could not have considered the minimum
punishment in this case.  Appellant=s trial counsel
failed to ask prospective jurors about any press accounts or rumors of the
crime to determine if there existed any bias against appellant.  Appellant points to the jury=s swift verdict as an
indication that the jury was biased.








Both the United States and Texas Constitutions
guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. art. 1.051
(Vernon Supp. 2004).  We evaluate
appellant=s
ineffective-assistance-of-counsel claim under the two-pronged test set forth in
Strickland v. Washington.  466
U.S. 668, 687B92, 104 S. Ct. 2052, 2064B67, 80 L. Ed.2d 674
(1984).  Appellant bears the burden of
proving her claims by a preponderance of the evidence.  Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998).  In assessing
appellant=s claims, we apply a
strong presumption that trial counsel was competent.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).

We presume counsel=s actions and decisions
were reasonably professional and were motivated by sound trial strategy.  See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).  Appellant has
the burden to rebut this presumption by presenting evidence illustrating why
trial counsel did what he did.  See
id.  An appellant cannot meet this
burden when counsel=s actions may have been
based on tactical decisions and the record does not specifically focus on the
reasons for trial counsel=s conduct.  See Bone v. State, 77 S.W.3d 828, 830
(Tex. Crim. App. 2002).  When, as in this
case, there is no proper evidentiary record developed at a hearing on a motion
for new trial, it is extremely difficult to show that trial counsel=s performance was
deficient.  See id. at 833.  If there is no hearing or if counsel does not
appear at the hearing, an affidavit from trial counsel becomes almost vital to
the success of an ineffective-assistance claim. 
Stults v. State, 23 S.W.3d 198, 208B09 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).

Appellant raised ineffective assistance of
counsel in her motion for new trial. 
Trial counsel appeared at the motion-for-new-trial hearing, but he only
testified as to the duration of the jury deliberations.  Trial counsel did not testify at the hearing
or submit an affidavit as to the reasons behind tactics he used during voir
dire.  Therefore, we cannot conclude that
trial counsel=s performance was
deficient.  See Jackson, 877 S.W.2d
at 771B72.  Because appellant has failed to rebut the
presumption that trial counsel=s actions and decisions
were reasonably professional and were motivated by sound trial strategy,
appellant cannot prevail on her ineffective-assistance claim.  Accordingly, we overrule appellant=s eighth issue.








H.        Did the trial court improperly define
the offense and improperly enhance appellant=s punishment?

 

In her ninth issue, appellant contends that the
trial court improperly defined the offense and improperly enhanced appellant=s punishment.  The charged offense in this case is elevated
from a third degree felony to a second degree felony if the person, with the intent to facilitate escape, introduces
into a correctional facility, or provides an inmate with, a deadly weapon.  Tex.
Pen. Code Ann. ' 38.09(a) & (b) (Vernon 2003). 
The jury charge allowed the jury to convict appellant as a principal or
as a party.  The jury found appellant
guilty as charged in the indictment.  The
indictment charged that appellant Aintentionally or knowingly introduced . . . or provided . . .
Stallings . . . a deadly weapon, to-wit: a firearm.@  The trial court submitted the case to the
jury with the punishment range of a second degree felony, and the jury returned
a punishment within that range.  The
trial judge signed the judgment reciting an affirmative finding of a deadly
weapon, which extended appellant=s parole eligibility date. 
Appellant argues that (1) the elements of an offense cannot enhance the
punishment for committing it, and (2) the trial court improperly entered a
deadly weapon finding without the submission of a special issue to the jury.








Appellant points to
four cases in support of her assertion that the elements of an offense cannot
enhance the punishment for committing it: McWilliams v. State, 782
S.W.2d 871 (Tex. Crim. App. 1990); Wisdom v. State, 708 S.W.2d 840 (Tex.
Crim. App. 1986); Ramirez v. State, 527 S.W.2d 542 (Tex. Crim. App.
1975); Rodriguez v. State, 31 S.W.3d 359 (Tex. App.CSan Antonio 2000,
pet. ref=d).  These cases stand for the proposition that a
prior conviction cannot be used both as an element of an offense and to enhance
punishment for that offense.  See
McWilliams, 782 S.W.2d at 876; Wisdom, 708 S.W.2d at 845; Ramirez,
527 S.W.2d at 544; Rodriguez, 31 S.W.3d at 364.  This principle is not applicable to this case
because the State did not use any prior conviction of appellant and because an
affirmative deadly weapon finding does not increase the punishment assessed
against appellant.  See Thomas v.
State, 2 S.W.3d 640, 642B43 (Tex. App.CDallas 1999, no pet.); Martinez v. State, 883 S.W.2d 771,
772B75 (Tex. App.CFort Worth 1994, pet.
ref=d).   Appellant
argues that we should extend the rationale of these cases and hold that the
same conduct cannot be used as an element of an offense and also as the basis
for a deadly weapon finding under article 42.12, section 3(g)(a)(2) of the
Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc. Ann. art.
42.12, ' 3(g)(a)(2) (Vernon
Supp. 2005).  A deadly weapon finding may
limit an inmate=s eligibility for community supervision, parole, and mandatory
supervision; it does not increase the punishment assessed against a defendant
at sentencing.  See Tex. Code Crim. Proc. Ann. art. 42.12, ' 3g(a)(2) (Vernon
Supp. 2005); Tex. Gov=t Code Ann. ' 508.145(d) (Vernon
2004).

No case directly
supports the holding appellant urges us to adopt.  We find that appellant=s argument under this
issue lacks merit and conflicts with the unambiguous language of article 42.12,
section 3(g)(a)(2) of the Texas Code of Criminal Procedure, which authorizes
the trial court to enter a deadly weapon finding in all felony cases.  See Thomas v. State, 2 S.W.3d 640, 642B43 (Tex. App.CDallas 1999, no
pet.); Martinez v. State, 883 S.W.2d 771, 772B75 (Tex. App.CFort Worth 1994, pet.
ref=d); see also Patterson
v. State, 769 S.W.2d 938, 940 (Tex. Crim. App. 1989) (agreeing with lower
court=s conclusion that Aall felonies are theoretically susceptible to an affirmative finding
of use or exhibition of a deadly weapon); Smith v. State, 944 S.W.2d
453, 456 (Tex. App.CHouston [14th Dist.] 1997, pet. ref=d) (deleting deadly weapon finding on different grounds by
commenting that an allegation in an indictment on use or exhibition of a deadly
weapon as an aggravating element in an assault case Ais immaterial for the
purpose of the affirmative finding@).  Therefore, we conclude
the trial court did not enhance punishment based on an element of the offense.








As to the absence of
a special issue as to the deadly weapon finding, a trial court is authorized to
enter an affirmative deadly weapon finding when the jury has found guilt as
alleged in the indictment and a deadly weapon has been specifically pleaded in
the indictment.  See Polk v. State,
693 S.W.2d 391, 394 (Tex. Crim. App. 1985). 
An affirmative deadly weapon finding is correct when a deadly weapon was
used or exhibited during the commission of a felony offense and the defendant
used or exhibited the deadly weapon.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 3g(a)(2) (Vernon
Supp. 2005).  When the defendant was a
party to the offense, an affirmative deadly weapon finding is allowed when the
defendant knew that a deadly weapon would be used or exhibited.  Id. 
In order to Ause@ a deadly weapon for affirmative finding purposes under section
3(g)(a)(2), a weapon must be utilized to achieve an intended result, namely,
commission of the felony offense.  See
Narron v. State, 835 S.W.2d 642, 644 (Tex. Crim. App. 1992).  The entry of an affirmative deadly weapon
finding by the trial court was proper under a finding of guilt under either
principal or party liability.  By finding
appellant guilty as alleged in the indictment, the jury found that appellant
intended or knew that a deadly weapon would be used in committing the alleged
offense.  Accordingly, we overrule
appellant=s ninth issue.

I.          Did the trial court commit
constitutional error by failing to properly instruct the jury on the law of parole?

 

In her tenth issue, appellant argues that the
trial court improperly instructed the jury on the law of parole.  At the conclusion of the punishment phase of
trial, the trial court charged the jury on parole law as mandated by article 37.07,
section 4(a) of the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 37.07, ' 4(a) (Vernon Supp.
2005).  Appellant did not object to the
instruction at trial.  Appellant asserts
on appeal that this statute violates the Due Process Clause of the United States
Constitution and the due-course-of-law provisions of the Texas Constitution
because the instruction mislead and confused the jury as to the interaction
between parole and the accumulation of good-conduct time.  Appellant urges this court to remand this
case for a new trial on punishment.








Appellant argues that
the jury was mislead and confused by the jury charge on parole because the
statutorily-mandated language informs the jury that appellant could effectively
shorten the period of incarceration by earning good-conduct time.  As a result, appellant asserts the jury
increased appellant=s prison sentence.  When
defense counsel does not object to a jury charge, the error, if any, does not
require reversal unless it was so egregious and created such harm that
appellant was denied a fair trial.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).  The jury charge at the punishment phase of
trial was not erroneous.

The Texas Court of
Criminal Appeals has determined that this statute does not violate the federal
constitution=s due process clause or a defendant=s due-course-of-law rights under the Texas Constitution.  See, e.g., Luquis v. State, 72
S.W.3d 355, 364B68 (Tex. Crim. App. 2002) (holding the language of article 37.07,
section 4(a) does not violate a defendant=s due course of law rights under the Texas Constitution or a
defendant=s Due Process rights under the Federal Constitution); Muhammad
v. State, 830 S.W.2d 953, 956 (Tex. Crim. App. 1992) (holding the parole
instruction mandated in article 37.07, section 4(a) does not violate federal
due process); Oakley v. State, 830 S.W.2d 107, 111B12 (Tex. Crim. App.
1992) (holding the parole instruction given pursuant to article 37.07, section
4(a) does not violate the due course of law protections in the Texas
Constitution).








Appellant argues that even though article 37.07, section 4(a) has been held to be constitutional, the jury
misconstrued and misapplied the jury charge in this case because appellant, who
was probation-eligible, received a ten-year sentence.[2]  When reviewing a challenged jury instruction,
Athe only question . . .
is >whether the ailing
instruction by itself so infected the entire trial that the resulting
conviction violates due process.=@  Estelle v. McGuire, 502 U.S. 62, 72,
112 S. Ct. 475, 482, 116 L. Ed.2d 385 (1991) (quoting Cupp v Naughten,
414 U.S. 141, 147, 94 S. Ct. 396, 400B01, 38 L. Ed.2d 368
(1973)).  We assume the jury followed the
instructions as given, and we will not find federal constitutional error unless
we conclude that a reasonable jury was actually confused by this charge.  See Luquis, 72 S.W.3d at 366B67.  The trial court record does not indicate that
the jury was misled by the charge or that it improperly applied or considered
the information it was given.  The jury
could have assessed punishment at as much as twenty years in prison, but opted
to give appellant ten years.  Appellant
has failed to demonstrate that there is a reasonable likelihood that the jury
unconstitutionally applied the concept of good-conduct time to assess a higher
sentence as a result of the instruction. 
Accordingly, we overrule appellant=s tenth issue.

Having overruled all
ten of appellant=s issues on appeal, we affirm the trial court=s judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed March 10,
2005.

Panel consists of Justices Anderson, Hudson, and Frost.

Do Not Publish C Tex. R. App. P.
47.2(b).

 

 











[1]  The State asserts that appellant
waived her right to appeal this issue because appellant failed to consistently
object to all the evidence concerning details of the hostage situation.  See Tex.
R. App. P. 33.1(a)(1)(A).  Our
examination of the record reveals that appellant timely objected at the time
the evidence was offered.  Therefore,
appellant has preserved error with respect to this issue. 





[2]  Appellant
makes no distinction between her rights under the federal Constitution and the
Texas Constitution with respect to this issue. 
Therefore, we may dispose of this issue by addressing only the Federal
Constitution.  See Johnson v. State,
853 S.W.2d 527, 533 (Tex. Crim. App. 1992) (declining to address appellant=s arguments regarding his state constitutional rights
when appellant did not make a distinction between the Federal Constitution and
the Texas Constitution).